United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) )  |
| v. | ) Civil Action No. 22-60128-Civ-Scola ) |
| Steven M. Gelley, Defendant. | ) |

**Order**

This matter is before the Court on the Defendant's motion to dismiss the second amended complaint. (ECF No. 27.) The Government filed a response to the motion (ECF No. 31), and the Defendant filed a reply memorandum in support (ECF No. 36). After careful consideration of the briefs, the record, and the relevant legal authorities, the Court **denies** the motion. (**ECF No. 27**.)

**1. Background**

This is an action in which the Government is seeking to recover the unpaid balance of an SBA loan that was executed twelve years ago. In December 2010, Gordon, Gelley & Co., for which Gelley was a managing member, executed a promissory note with SunTrust Bank for a $900,000 loan. (ECF No. 20 at ¶ 9.) The Small Business Administration guaranteed 90% of the loan. (*Id.* at ¶¶ 6–7; ECF No. 20-1.) In addition, Gelley personally guaranteed that the promissory note would be paid. (ECF No. 20 at ¶ 14.)

After May 2013, Gordon, Gelley & Co. failed to make any payments on the note. (*Id.* at ¶ 20.) Given the borrower's failure to make payments, SunTrust Bank accelerated the loan in August 2013 and demanded full payment. (*Id.* at ¶ 23.) Five months later, in January 2014, the SBA paid SunTrust Bank 90% of the balance on the loan, and SunTrust Bank assigned the promissory note to the SBA. (*Id.* at ¶ 24.)

As of April 2022, $1,340,769.05 remains owed on the loan, and Gelley, as personal guarantor of the promissory note, has not paid back the loan. (*Id.* at ¶¶ 40, 43.) However, at various times over the past eight years, Gelley has attempted to reach a settlement with the Government. First, in December 2014, Gelley sent a settlement letter to the United States Treasury, proposing to pay $100,000. (*Id.* at ¶ 35; ECF No. 20-7.) Second, in November 2019, Gelley provided a Form OBD-500 financial statement to the Department of Justice. (ECF No. 20 at ¶ 36; ECF No. 20-8.) In addition, starting in November 2019, Gelley signed a total of five tolling agreements, agreeing to toll the running of the statute of limitations from September 17, 2019 to January 18, 2022. (*Id.* at ¶¶ 37–38.) The

Government now brings suit against Gelley to recover the balance of the promissory note.

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In general, the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c). A dismissal on statute-of-limitations grounds is inappropriate unless "it is apparent from the face of the complaint that the claim is time-barred." *See Boyd v. Warden, Holman Corr. Fac.*, 856 F.3d 853, 872 (11th Cir. 2017) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004)). When interpreting a statute of limitations as to the Government, courts must apply "a strict construction in favor of the Government." *See United States v. Alvarado*, 5 F.3d 1425, 1428 (11th Cir. 1993).

## 3. Analysis

Gelley only raises a challenge to the timeliness of the second amended complaint. The parties agree that under 28 U.S.C. § 2415, the Government must bring an action for money damages within "six years after the right of action accrues[.]" *See* 28 U.S.C. § 2415(a). Moreover, the statute of limitations for such claims re-accrues "in the event of later partial payment or written acknowledgement of debt[.]" *See id.* The parties dispute when the Government's right of action initially accrued and whether it, at any time, subsequently re-accrued when Gelley attempted to settle the debt.

The Court first turns to when the statute of limitations initially accrued. To this question, there is a split of authority. Gelley argues that the statute of limitations accrued on August 13, 2013, when SunTrust Bank accelerated the loan and demanded payment. The Government counters that the SBA's claim cannot accrue until January 24, 2014, when the SBA paid SunTrust and was assigned the promissory note.

Before the enactment of § 2415(a), the Government was not bound by any general statute of limitations when attempting to collect money damages. *See Fed. Dep. Ins. Corp. v. Cyr*, No. 89 C 4065, 1990 WL 70840, at *2 (N.D. Ill. Apr. 27, 1990). Section 2415(a) was passed in 1966 to "mak[e] the position of the government more equal to that of private litigants." *See United States v. Melbinger*, No. 92 C 1685, 1992 WL 350722, at *3 (N.D. Ill. Nov. 20, 1992) (citing S. Rep. No. 1328, 89th Cong., 2d Sess., reprinted in U.S.C.C.A.N. 2502, 2513). In general, a litigant's cause of action to recover against a guarantor accrues upon acceleration of the debt and demand for full payment. *See Green v. Spec. Loan Servicing LLC*, 766 F. App'x 777, 782 (11th Cir. 2019). However, a party can only bring suit once it owns the claim. *See, e.g., Melbinger*, 1992 WL 350722, at *3.

The Court finds persuasive the "substantial majority" of courts that have held that the statute of limitations under § 2415(a) begins to run when the Government reimburses the private lender and is assigned the debt. *See id.* at *2 (noting that "[a] substantial majority of the federal courts that have addressed the question agree") (collecting cases); *see also United States v. Vanornum*, 912 F.2d 1023, 1026 (8th Cir. 1990) (noting "substantial authority for the position that a government agency's cause of action against a guarantor accrues on the date the agency suffers a loss, i.e., at the time the government reimburses the lender for the loss arising from the borrower's default") (cleaned up); *United States v. Rollinson*, 866 F.2d 1463, 1466 (D.C. Cir. 1989) (holding that "[s]ubstantial authority can be found for th[e] position" that the statute of limitations under § 2415(a) accrues "when the government suffered its loss"); *United States v. Baker*, 681 F. Supp. 750, 751 (N.D. Ala. 1987) (holding that "when the government guarantees a loan, its cause of action against the borrower cannot conceivably accrue until the government reimburses the lender for its loss arising from the borrower's default").

This principle is further supported by the Eleventh Circuit's opinion in *Olavarrieta*. There, the Eleventh Circuit held that the Government, as guarantor of the federally-insured student loans at issue, acted within § 2415(a)'s statute of limitations, as the Government sued the borrower within six years after it reimbursed the private lender. *See United States v. Olavarrieta*, 812 F.2d 640, 644 (11th Cir. 1987) ("[C]ourts have consistently ruled that the government's cause of action accrues when the government pays the lender.").

Gelley argues that *Olavarrieta* is inapplicable and should be limited to suretyships. Granted, the Eleventh Circuit supported its holding by pointing to "the general rule that a surety's cause of action for indemnity or reimbursement does not accrue until payment of the principal's liability." *See id.* However, the Government in *Olavarrieta* was a guarantor—not surety—of the student loans at issue, so its holding cannot be limited to suretyships. *See id.* at 642. And in any event, the "distinction between suretyship and guaranty is often blurred," and "it

is generally unnecessary to distinguish between the two classes[.]" *See United States v. Bellard*, 674 F.2d 330, 333–35 & n.5 (5th Cir. 1982) (holding that "[t]he hallmark of a contract of guaranty is, of course, an agreement . . . to answer for the debt of another upon that other's failure to pay" and that the statute of limitations to seek reimbursement begins to run "when [the guarantor] satisfies the borrower's delinquent obligation"). Therefore, the Court sees no reason to draw a distinction between the two regarding the accrual of the Government's claim to collect money. Applying *Olavarrieta* here, the Court holds that the statute of limitations accrues when the Government paid the lender and was assigned the debt.

Gelley's reliance on *Lorince* and *Cardinal* does not sway the Court. In *Lorince*, the District Court for the Northern District of Illinois held that under § 2415(a), the statute of limitations accrued when "the creditor notifies the guarantor that the entire debt has been accelerated and demand payment of the entire balance." *United States v. Lorince*, 773 F. Supp. 1082, 1085 (N.D. Ill. 1991). However, in *Lorince*, the Government did not challenge the accrual of the statute of limitations, so the court did not delve deeper beyond the "general rule" applied to private lenders. *See id.*; *see also Melbinger*, 1992 WL 350722, at *2 (referring to any reliance on *Lorince* regarding the initial accrual of the Government's claim as "misplaced").

In *Cardinal*, the District Court for the District of Vermont held that the Government's claim against a guarantor accrues "when the claim first could have been sued upon, whether or not the Government has acquired it at that time." *United States v. Cardinal*, 452 F. Supp. 542, 546–47 (D. Vt. 1978). In reaching this conclusion, the court reviewed the statute's history, purpose, and text, as well as the history and text of analogous precedent, and concluded that its holding best furthered the "general purposes" of the statute. *See id.* at 544–47. In particular, the court reviewed the statute's purposes to (1) "make the position of the Government more nearly equal to that of private litigants"; (2) "encourage trials at a sufficiently early time"; (3) "reduce the costs of keeping records and detecting and collecting on Government claims"; (4) "encourage the agencies to refer their claims promptly to the Department of Justice for collection"; (5) "avoid judicial hostility to old claims asserted by the Government"; and (6) "minimize collection problems arising with respect to debtors who have died, disappeared, or gone bankrupt." *Id.* at 545 (cleaned up).

However, the Court is bound by *Olavarrieta*. Moreover, the purposes and history of § 2415(a) are, at most, equivocal and do not plainly tilt in Gelley's favor. *See Fed. Dep. Ins. Corp. v. Former Officers and Dirs. of Metro. Bank*, 884 F.2d 1304, 1308–09 (9th Cir. 1989) (discussing *Cardinal* and holding that "[t]he policy arguments are fairly evenly balanced and do not weigh strongly in favor of either side"). Adopting the Government's position here accords with the general rule that

statutes of limitations must be given a "strict construction in favor of the Government." *See Alvarado*, 5 F.3d at 1428, Last, the Government's position also makes the Government more akin to a private party, as Gelley's proposed rule would start the statute-of-limitations clock before the Government "has any authority to bring suit." *See Melbinger*, 1992 WL 350722, at *3 (quoting *Cyr*, 1990 WL 70840, at *2).

### 4. Conclusion

For these reasons, the Court holds that the statute of limitations began to run on January 24, 2014, when the Government paid SunTrust Bank and was assigned the loan. And as the parties agreed to toll the statute of limitations from September 17, 2019 to January 18, 2022, before the statute of limitations ran, the Court finds that the Government timely sued. Accordingly, the Court **denies** Gelley's motion. (**ECF No. 27**.)

**Done and ordered** in Miami, Florida, on August 5, 2022.

_____
Robert N. Scola, Jr.
United States District Judge